IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED PLANNERS FINANCIAL | ) | |
|---|---|---|
| SERVICES OF AMERICA, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1278-HE |
| | ) | |
| SAC AND FOX NATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff United Planners Financial Services of America, L.P., ("United Planners") filed this action against the Sac and Fox Nation ("Nation"), the Sac and Fox Nation Housing Authority ("Housing Authority"), the Sac and Fox Nation District Court ("Tribal Court") and the Honorable Darrell R. Matlock, Jr. ("Judge Matlock") in his official capacity. United Planners seeks declaratory and injunctive relief in connection with a lawsuit filed against it by the Nation and Housing Authority in the Tribal Court ("2014 Tribal Court Action"). Relying on the doctrines of sovereign immunity and exhaustion of tribal remedies, the Nation and Housing Authority and the Tribal Court and Judge Matlock have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

### Background[1]

In January 2011, the Nation and Housing Authority ("Tribal Defendants") sued United Planners in the Tribal District Court ("2011 Tribal Court action"). Among other

---

[1]*The facts, which essentially are undisputed, are taken from the complaint and the parties' briefs.*

things, they asserted that United Planners had breached broker agreements it entered into with them, breached its fiduciary duties and was negligent. The case was assigned to Judge Matlock. United Planners filed a motion seeking to compel the Tribal Defendants to arbitrate their dispute, but it was denied. United Planners then initiated arbitration on behalf of the Tribal Defendants before the Financial Industry Regulatory Authority ("FINRA") in January 2012. The Tribal Defendants responded by filing a motion in the Tribal Court action to enjoin the arbitration and United Planners filed its own motion seeking an injunction compelling the Tribal Defendants to participate in the FINRA proceedings.

After a hearing, the Tribal Court granted the Tribal Defendants' application to stay the arbitration proceeding. United Planners appealed that decision to the Sac and Fox Nation Supreme Court ("Nation's Supreme Court"). On September 26, 2013, the Nation's Supreme Court affirmed the decision in part and reversed it in part. It affirmed Judge Matlock's ruling that the Tribal Defendants could not be compelled to arbitrate because they had not approved the arbitration clause in such a fashion as would have waived sovereign immunity.[2] However, the appellate court reversed the lower court's ruling that the matter could proceed on the merits in the Tribal Court and remanded the case with instructions to dismiss it without prejudice. The appellate court concluded that

---

[2]*The court stated there was no evidence that either the Business Committee of the Sac and Fox Nation or the Board of Commissioners for the Housing Authority had approved the arbitration clauses or the broker agreements. Doc. #1-1, p. 9 & n.10.*

"any dispute arising under the broker agreements between the parties should be adjudicated in arbitration." Doc. #1-1, pp. 2-3. It held that "per the broker agreements, the Nation may pursue its claims in arbitration if it so chooses to adjudicate its claim against Broker, but it may not proceed with its case in the District Court or any other court." *Id.* at p. 11.

In October 2013, the Tribal Defendants filed two motions. One was with the Nation's Supreme Court, asking it to stay, hold in abeyance or administratively close the case pending a ruling by FINRA on the eligibility of their claims to be arbitrated. The Nation's Supreme Court denied that motion on April 14, 2014, and the case was remanded to the Tribal Court with instructions to dismiss. Judge Matlock dismissed the Tribal Court proceeding without prejudice on April 30, 2014. The second motion the Tribal Defendants filed was a motion to dismiss in the arbitration proceeding. They argued that because their claims arose more than six years before the proceeding had been initiated, the claims were not eligible to be arbitrated. Citing FINRA Rule 12206(a) and noting that "the parties agreed that [the] claims were not subject to arbitration" and "that the arbitration should be dismissed," the arbitration panel granted the motion to dismiss on October 21, 2014. Doc. #1-7, pp. 2,3. It dismissed the arbitration claims "with prejudice to re-filing of arbitration." *Id.* at p. 2.

The next day the Tribal Defendants filed the 2014 Tribal Court Action. Approximately three weeks later, United Planners filed this lawsuit seeking declaratory and injunctive relief to prevent the case from proceeding in Tribal Court. The Tribal

3

Defendants appear to be asserting substantially the same claims in the 2014 Tribal Court Action as they asserted in the 2011 Tribal Court Action, except that reference to the dismissal of the arbitration has been added. *Compare* Doc. #1-8 *with* Doc. 18-2. The Tribal Defendants contend United Planners has misconstrued the decision of the Nation's Supreme Court, arguing it does not mean they may never proceed in district court, but only that they must first pursue arbitration. As they were unable to arbitrate their claims, the Tribal Defendants assert they are now entitled to litigate them again in the Tribal Court. They also rely on FINRA Rule 12206(b), which provides in part that "[d]ismissal of a claim under this rule does not prohibit a party from pursuing the claim in court."[3] Doc. #13-1, p. 1.

United Planners has filed a motion in the Tribal Court seeking a stay until a decision is reached in this lawsuit or, alternatively, a motion to dismiss. So far as is indicated by the submissions to this court, that motion is still pending.

## Analysis

Defendants make overlapping arguments in their briefs. They assert that the court lacks subject matter jurisdiction under the doctrine of tribal sovereign immunity and that plaintiff has failed to exhaust tribal court remedies. The Tribal Defendants make the additional argument that the complaint fails to present a federal question under 28 U.S.C.

---

[3]*As United Planners notes, Rule 12206(b) continues, providing that: "By filing a motion to dismiss a claim under this rule, the moving party agrees that if the panel dismisses a claim under this rule, the <u>non-moving</u> party may withdraw any remaining related claims without prejudice and may pursue all of the claims in court." Doc. #13-1, p. 1 (emphasis added).*

§ 1331. The Tribal Court and Judge Matlock also allege lack of proper service, citing plaintiff's failure to serve the Nation's Attorney General.[4]

All defendants contend plaintiff's claims should be dismissed because Indian tribes are sovereign governments that possess immunity from suit, the immunity extends to subdivisions within the tribes and tribal officials and it applies not only to claims for damages but to requests for declaratory and injunctive relief. Relying on Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845 (1985), United Planners responds that tribal sovereign immunity does not bar its claims against the defendants because they are seeking to unlawfully assert jurisdiction over a nonmember of a tribe.

"'Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers.'" Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1153 (10th Cir. 2011) (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)). The immunity is not, though, without limits. In Crowe & Dunlevy, the Tenth Circuit held that the exception to Eleventh Amendment immunity which the Supreme Court carved out in Ex parte Young, 209 U.S. 123 (1908), applies to tribal sovereign immunity. "[T]he alleged unlawful exercise of tribal court jurisdiction in violation of federal common law is an ongoing violation of 'federal law' sufficient to sustain the application of the Ex parte Young doctrine." *Id.* at 1156. Crowe

---

[4]*Defendants' improper service argument fails. They do not claim they were improperly served under Fed.R.Civ.P.4, but instead fault plaintiff for failing to comply with the Nation's service rules, which is not required.*

held that a nonmember of the Muskogee Nation seeking injunctive relief from the Muskogee courts' allegedly unlawful exercise of jurisdiction over it could sue a tribal judge in federal court, despite a claim of sovereign immunity.[5] *Accord* Thlopthlocco Tribal Town v. Stidham, 762 F.3d 1226. 1235 (10th Cir. 2014).

This case does not present the typical situation of a non-tribal member challenging a tribal court's exercise of jurisdiction. *See e.g.* Strate v. A-1 Contractors, 520 U.S. 438, 442-60 (1997); National Farmers, 471 U.S. at 850-53. At least in part, United Planners argues here that the Tribal Court lacks jurisdiction over it not because it is not a member of the Sac and Fox Nation, but because of the decision of the Nation's Supreme Court enforcing the parties' arbitration agreement. That argument appears to treat as jurisdictional portions of the tribal supreme court's ruling which were not. However, United Planners also appears to challenge the scope of the Tribal Court's authority in a true jurisdictional sense. It challenges whether that court has subject matter jurisdiction to entertain the Tribal Defendants' tort suit for a money judgment. In any event, defendants' sovereign immunity does not deprive the court of subject matter jurisdiction to consider United Planners' claim for prospective injunctive and declaratory relief. *See* Crowe, 640 F.3d at 1154.

Regardless of the sovereign immunity issue, there must still be an affirmative basis

---

[5]*"The Ex parte Young exception proceeds on the fiction that an action against a state official seeking only prospective injunctive relief is not an action against the state and, as a result, is not subject to the doctrine of sovereign immunity." Crowe, 640 F.3d at 1154.*

6

for jurisdiction in this court. Plaintiff relies on the existence of a federal question. It is well settled that "the scope of a tribal court's jurisdiction is a federal question over which federal district courts have jurisdiction." Kerr-McGee Corp. v. Farley, 115 F.3d 1498,1501 (10th Cir. 1997), citing National Farmers, 471 U.S. at 853. "[F]ederal courts have authority to determine, as a matter 'arising under' federal law, *see* 28 U.S.C. § 1331, whether a tribal court has exceeded the limits of its jurisdiction." Strate, 520 U.S. at 448. Therefore, contrary to the assertion of the Tribal Defendants, the complaint does present a federal question and the court therefore has subject matter jurisdiction.

Whether the court should exercise that jurisdiction requires consideration of the rule requiring exhaustion of tribal remedies. That rule "provides that, absent exceptional circumstances, federal courts typically 'should abstain from hearing cases that challenge tribal court jurisdiction until tribal court remedies, including tribal appellate review, are exhausted.'" Crowe, 640 F.3d at 1149 (quoting Bank of Okla. v. Muskogee (Creek) Nation, 972 F.2d 1166, 1170 (10th Cir.1992)). Strong policy interests rooted in tribal sovereignty support the rule, including "'(1) furthering congressional policy of supporting tribal self-government; (2) promoting the orderly administration of justice by allowing a full record to be developed in the tribal court; and (3) obtaining the benefit of tribal expertise if further review becomes necessary.'" Thlopthlocco, 762 F.3d at 1237 (quoting Kerr-McGee Corp. v. Farley, 115 F.3d 1498, 1507 (10th Cir. 1997). Exceptions to the rule exist. Exhaustion is not required "where an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith," "'where the action is

7

patently violative of express jurisdictional prohibitions," "where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction," National Farmers, 417 U.S. at 857 n.21 or "'where it is clear that the tribal court lacks jurisdiction and that judicial proceedings would serve 'no purpose other than delay.'" Thlopthlocco, 762 F.3d at 1238 (quoting Nevada v. Hicks, 533 U.S. 353, 369 (2001)). Rather than being jurisdictional, "[t]he tribal exhaustion requirement created by National Farmers is based on comity concerns for Indian tribes in maintaining their remaining sovereignty." Kerr-McGee Corp., 115 F.3d at 1507.

United Planners contends it has exhausted its tribal court remedies through the 2011 litigation, as reflected by the decision of the Nation's Supreme Court. However, that decision did not purport to resolve the underlying jurisdictional question as to whether the tribal courts could properly exercise jurisdiction over plaintiff. As the supreme court decision noted:

> The District Court did not rule and make any findings of law and fact on whether Broker has effectively consented to tribal court jurisdiction and, by both parties participating in the District Court, the preclusion in the broker agreement against judicial remedies has been waived or tacitly amended to permit adjudication in court. Therefore, that issue is not before us on appeal.

The federal question raised here appears to involve exactly that issue—whether the tribal courts have jurisdiction over United Planners by reason of its consent or otherwise. Further, to the extent that any jurisdictional inquiry is affected by the intervening dismissal of the arbitration, that issue has plainly not been considered by the tribal courts.

The court concludes United Planners has not exhausted its tribal remedies.

The court similarly concludes United Planners has not established a basis for an exception to the exhaustion requirement. It argues exhaustion should be excused because the Nation's Supreme Court already reached a final determination as to the Tribal Court's jurisdiction, and further judicial proceedings would only cause further delay. However, as the above-quoted language indicates, that is not what the Nation's Supreme Court did. Because it didn't, this case is different from Crowe, where "the tribal court's lack of jurisdiction over the non-Indian law firm was so clear that exhaustion would serve no purpose." Thlopthlocco, 762 F.3d at 1239. This is a situation "where the federal court may benefit from the tribal court's legal analysis" as to the extent of its jurisdiction. *Id*. at 1240.[6]

United Planners also claims that exhaustion should not be required because defendants are proceeding in bad faith. The Tenth Circuit has held that "[t]o invoke these exceptions [to the exhaustion rule] . . . the party [must] make a substantial showing of eligibility." Thlopthlocco, 762 F.3d at 1238. United Planner's showing falls short of meeting this standard. It has not demonstrated that the Tribal Defendants were motivated by a desire to harass when they filed the 2014 lawsuit or that they brought it in bad faith.

---

[6]*If the Tribal Defendants' 2014 claims are really different from the 2011 claims by reason of the non-availability of the arbitration forum (and hence arguably outside the scope of the supreme court's prior substantive determination), it is unclear what United Planners may have done in the 2014 litigation (as opposed to the 2011 litigation) which might arguably be a basis for the exercise of tribal court jurisdiction over it. Regardless, the question should be addressed in the first instance by the tribal courts.*

9

While there is reason to doubt that the Tribal Defendants will ultimately prevail and United Planner's frustration with the process is understandable,[7] the court cannot, on the present record, conclude the Tribal Defendants' position is plainly in bad faith.

Recognizing that "the tribal exhaustion rule is grounded in the federal policy supporting tribal self-government," *id*. at 1240, the court concludes the doctrine applies in this case to allow the Tribal Court to first address the matter of its own jurisdiction.

### Conclusion

This court has subject matter jurisdiction of this dispute, but it is premature to exercise it at this time. As plaintiff has failed to exhaust its tribal court remedies, the court concludes the action should be **DISMISSED**. Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated this 16th day of June, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*It is difficult to square the Tribal Defendants' current argument as to resort to the courts with the Nation's Supreme Court's substantive decision, and their effort to turn dismissal of the arbitration into an affirmative grant of a right to further court action seems particularly strained.*